UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PATRICK BRATHWAITE,                                    *DKT#:*

                            Plaintiff,          **COMPLAINT**

       - against -                              **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                                  **ECF CASE**
P.O. LEE CHAU WAI (Tax ID# 953546), and
P.O. "JOHN DOE", individually and in their
official capacities (the name John Doe being fictitious
as the true names are presently unknown),

                            Defendant.
------------------------------------------------------------------x

        Plaintiffs, PATRICK BRATHWAITE, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, PATRICK BRATHWAITE, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. LEE CHAU WAI (Tax ID# 953546), and P.O. "JOHN DOE", (hereinafter collectively referred to as "defendants" or "defendant police officers"), were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On or about November 8, 2013, at approximately 8:00 p.m., the Plaintiff was at the Jay Street Subway Station Mezzanine.

14. The Plaintiff was on-line waiting to purchase a metro card.

15. When the Plaintiff's turn came to purchase the card another person on-line, who was standing behind the Plaintiff, then skipped the line and cut in front of the Plaintiff.

16. The Plaintiff verbally objected to the other person's actions in cutting the line.

17. The Plaintiff's verbal objection was not overly loud, aggressive, hostile, and did not cause annoyance or alarm to the public.

18. After the Plaintiff objected to the other person's actions, this other person began irately yelling, screaming, and cursing at the Plaintiff.

19. The Defendant police officers arrived on the scene and placed the Plaintiff under arrest for Disorderly Conduct.

20. The Plaintiff did not act in a disorderly manner on November 8, 2013.

21. The Plaintiff did not violate Penal Law Section 240.20 on November 8, 2013.

22. The Defendant police officers did not have any probable cause to arrest the Plaintiff for Disorderly Conduct.

23. The Plaintiff was held in custody for approximately three hours following his arrest.

24. The Plaintiff was issued a Desk Appearance Ticket and required to appear in Court.

25. On the Plaintiff's first Court date, which was March 19, 2014, his charges were

dismissed.

26. As a result of the foregoing, the plaintiff suffered, <u>inter</u> <u>alia</u>, psychological injuries, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

32. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

35. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of Plaintiff's constitutional rights.

36. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff.

39. Defendants lacked probable cause to initiate criminal proceedings against the Plaintiff.

40. Defendants acted with malice in initiating criminal proceedings against the Plaintiff.

41. Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiff.

42. Defendants lacked probable cause to continue criminal proceedings against the Plaintiff.

43. Defendants acted with malice in continuing criminal proceedings against the Plaintiff.

44. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in Plaintiff's favor when all criminal charges against him were dismissed.

45. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants subjected the Plaintiff to excessive force, false arrest, and a protracted and unreasonable traffic stop of the Plaintiff.

48. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

50. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not

limited to the following unconstitutional practices:

      (a) Failing to properly train, in general;
      (b) Failing to supervise police officers;
      (c) Subjecting persons to violations of their constitutionally protected rights;
      (d) Subjecting persons to excessive force.
      (e) Subjecting persons to false arrest.

51. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

52. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

53. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

54. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## **STATE LAW CAUSES OF ACTION**

### **FIRST STATE LAW CLAIM FOR RELIEF**
### *FALSE ARREST*

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely

imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

57. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

58. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## SECOND STATE LAW CLAIM FOR RELIEF
### *MALICIOUS PROSECUTION*

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff.

61. Defendants lacked probable cause to initiate criminal proceedings against the Plaintiff.

62. Defendants acted with malice in initiating criminal proceedings against the Plaintiff.

63. Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiff.

64. Defendants lacked probable cause to continue criminal proceedings against the Plaintiff.

65. Defendants acted with malice in continuing criminal proceedings against the Plaintiff.

66. Notwithstanding the conduct of the Defendants, the criminal proceedings were

terminated in Plaintiff's favor when all criminal charges against him were dismissed.

67. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THEORY OF LIABILITY
## VICARIOUS LIABILITY and RESPONDEAT SUPERIOR

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. That the corporate defendant, THE CITY OF NEW YORK, is liable to the Plaintiff for the acts and omissions and negligence of its various agents, servants, and employees, including but not limited to the Defendant police officers, under the legal theories of "Vicarious Liability" and "Respondeat Superior".

## CONDITIONS PRECEDENT

70. Within 90 days of the Plaintiff's injury a Notice of Claim was served upon the defendant City of New York, setting forth:

    a. The name and post office address of the claimant and his attorney;

    b. The nature of the claim;

    c. The time when, the place where, and the manner in which the claim arose;

    d. The items of damages and injuries sustained so far as practicable.

71. The Notice of Claim was served upon the defendant, CITY OF NEW YORK, within 90 days after Plaintiff's several causes of action accrued.

72. That on July 17, 2014, The defendant CITY OF NEW YORK conducted a hearing pursuant to Section 50-H of the General Municipal Law.

73. This action has been commenced against the CITY OF NEW YORK within one year

and 90 days after Plaintiff's various causes of action have accrued.

74. Plaintiff has duly complied with all of the conditions precedent to the commencement of these causes of action.

## DAMAGES AND RELIEF REQUESTED

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from an unlawful search and seizure of his property;

    E. To receive equal protection under the law.

77. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** with respect to the Federal Law Causes of Action, Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action; and

**WHEREFORE,** with respect to the State Law Causes of Action, Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus any further relief as the Court may find just and proper.

Dated: New York, NY
       July 17, 2014

By: _____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832